FAJARDO, DEMANDANTE Y APELADO, *v.* FAJARDO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un procedimiento sobre *mandamus.*

No. 2235.—Resuelto en julio 29, 1920.

MANDAMUS—INSPECCIÓN DE LIBROS EN PODER DEL DEMANDADO—APRECIACIÓN DE PRUEBA.—Existiendo prueba documental en el presente caso tendente a de-

mostrar que el demandado tenía bajo su control en la fecha en que se notificó el auto de *mandamus* ciertos libros cuyo examen autorizó la corte al demandante, no procede la revocación de la sentencia bajo el fundamento de ser físicamente imposible obedecer el auto por no estar dichos libros en la expresada fecha bajo la custodia del demandado.

Id.—Costas Civiles—Discreción Judicial.—Cuando la prueba demuestra que la corte inferior estuvo justificada en creer que el procedimiento adoptado por el demandado era dilatorio y frívolo y no demostrativo de que éste hubiera hecho un verdadero esfuerzo para obedecer la orden de la corte autorizando la inspección de ciertos libros en poder de dicho demandado, no puede estimarse que la corte abusara de su discreción imponiéndole las costas causadas en el procedimiento de *mandamus*.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. A. Arnaldo* y *E. Ramírez Nadal.*

Abogados del apelado: *Sres. Feliú & Alemañy.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

En marzo 25 de 1920 Luis A. Fajardo presentó una solicitud interesando la expedición de un auto de *mandamus* para que se ordenara a Mateo Fajardo, Jr., en su carácter de Presidente de la "Central Eureka, Inc.," que permitiera la inspección que solicitaba el peticionario por conducto de su agente Vicente Boscana, o cualquier otra persona que el demandante tuviera a bien designar, de ciertos libros y *records* que se relacionaban, llevados por la referida corporación.

Se notificó el auto alternativo de *mandamus* al demandado en marzo 26 de 1920 en el cual se le ordenaba que permitiera dicha inspección, o de lo contrario compareciera a mostrar causa el día seis de abril de 1920, de no cumplir con dicha orden.

En marzo 29 la "Central Eureka," por conducto de su presidente, demandado en este caso, escribió al peticionario en los siguientes términos:

"Se me notificó el *mandamus* con fecha 26 del actual.

"En cuanto se refiere a Ud. personalmente la solicitud de *mandamus* sobra porque en ninguna ocasión ni en ninguna parte ha dejado usted de tener a su disposición más absoluta todos los documentos, libros y papeles de la corporación.

"Creímos que Ud. no tenía derecho a nombrar agente o apoderado que lo representara en ella y de acuerdo con ese criterio le escribí mi carta de 23 del actual.

"Inmediatamente de haber sido notificado del auto de *mandamus* consulté el caso con todos los otros directores de la corporación presentes en esta ciudad y habiendo resuelto acceder a lo que se ordena, notifico a usted que durante las horas laborables de los días siguientes al tercero del 26 del actual se permitirá al Sr. Boscana o la persona que usted indique la inspección de todos los libros de la "Centrale Eureka, Inc."

"En cuanto a Ud. no tenemos que autorizarlo para el examen de esos libros porque siempre los ha tenido a su disposición.

"Sin embargo, como se trata de un auto de *mandamus* pongo a disposición de Ud. todos los documentos y papeles de la corporación que se indica en el auto de *mandamus* en el tiempo que usted señale."

En abril 6 el demandado radicó una moción que es como sigue:

"A la honorable corte: El demandado en el caso que arriba se expresa ante la honorable corte respetuosamente expone:

"Que con fecha 29 de mayo último dirigió al demandante la carta que acompaña bajo la letra A allanándose a cumplir el auto de *mandamus;* e inmediatamente ordenó a los empleados y funcionarios de la corporación que pusieran a la disposición de don Luis A. Fajardo, del Sr. Boscana y de las personas que vinieran con ellos, todos los libros que existieran en las oficinas y departamentos de la Central Eureka en los días laborables.

"Que la semana del 28 de marzo al 3 de abril fué de vacaciones y durante ella no se abrieron las oficinas de la Corporación Central Eureka.

"Que don Mateo Fajardo Cardona embarcó para los Estados Unidos el 17 del mes de marzo para ultimar en nombre de la corporación la venta de ella a una corporación americana. Y habiendo resuelto su viaje con precipitación no pudo llevarse certificaciones del secretario para mostrar al comprador las condiciones económicas de la Central Eureka.

"Ante la necesidad de su viaje en el que el señor Fajardo acompañó a Mr. Grief, financiero con cuya intervención entendió el señor Fajardo que podría facilitarse la venta de la Central Eureka y la imposibilidad de llevarse los documentos necesarios, don Mateo Fa-

jardo, con el consentimiento de los otros directores y el conocimiento de todos se llevó los libros de la corporación necesarios para mostrar las condiciones económicas de la misma.

"Para cumplir el auto de *mandamus* el demandado puso un cable a don Mateo Fajardo cuya dirección cablegráfica en New York es 'Oetam,' pidiéndole que remitiera todos los libros de la central que se había llevado y que tenía en su poder.

"De ese cable se acompaña una copia bajo la letra '*b*' y un recibo por el importe de su transmisión bajo la letra '*c*.'

"El demandado ha puesto de manifiesto al demandante con excepción del libro de actas, balances, colonias y mayores, con sus auxiliares que están en poder de don Mateo Fajardo, los de colonos, hipotecas, acciones, transferencias, cañas, contratos, escritura, hipotecas y papeles que tiene en su poder la compañía.

"El demandado está decididamente dispuesto a cumplir y cumplió el decreto de *mandamus*.

"Don Mateo Fajardo llegará de un momento a otro a esta ciudad y traerá consigo todos los libros que se llevó; cuyos libros con todos los que existen se obliga a poner y pone a la disposición del demandante para su inspección, estudio y examen.

"En su virtud,

"Suplica a la honorable corte se sirva tener por cumplido el auto de *mandamus* decretado en este caso rehusando dictar auto definitivo del condicional que se solicita por estar cumplida la orden. (Fdo.) M. Fajardo, Jr.

"Yo, Mateo Fajardo, Jr., declaro, después de prestar el debido juramento:

"Que soy la misma persona que se designa como demandado en este procedimiento de *mandamus*. Que he leído la alegación que precede y que los hechos que en ella se alegan son ciertos y me constan de propio conocimiento.—(Firmado) M. Fajardo, Jr."

"Suscrito y jurado ante mí por don Mateo Fajardo Jr., mayor de edad, soltero, propietario y vecino de esta ciudad a quien doy fe conocer en Mayagüez, hoy seis de abril de 1920.—(Firmado) Francisco Azúar, Secretario, por Narciso Cuevas, Sub-secretario."

Luego y por consentimiento de las partes se dictó una orden en la que se disponía que el auto de *mandamus* condicional ya expedido y notificado al demandado quedaría en vigor hasta el día 22 de abril, 1920, en cuya fecha el demandado debería comparecer y mostrar causa en caso de no cum-

plir en el interín con lo dispuesto en dicho auto condicional.
Esta orden expresa que el demandado manifestó oralmente
en el acto de la vista que Mateo Fajardo a quien se había
ordenado la remisión de dichos libros, embarcaría en los Es-
tados Unidos el día 17 de abril y llegaría el 21.

En abril 22 el demandado radicó la siguiente moción:

"A la Honorable Corte:—El demandado en el caso que arriba
se expresa, por medio de su abogado que suscribe, ante la honorable
corte respetuosamente expone:

"Que ratifica en todas sus partes las manifestaciones contenidas
en la declaración jurada, o por mejor decir, en la moción jurada
que presentó en el caso que arriba se expresa con fecha 6 del actual.

"Con posterioridad al 6 del mes que cursa el demandado escri-
bió a don Mateo Fajardo, que está en New York, pidiéndole los li-
bros de la Central Eureka existentes en su poder.

"Con fecha 9 de este mes me escribió una carta don Mateo Fa-
jardo en la que me manifiesta que entregó los libros a un amigo que
había de salir en el "Coamo" el sábado, para que me los trajera; pero
con tan mala suerte que recibió luego recado anunciándole que se le
habían quedado. Hubo un momento, me dice en su carta, en que
temió que los libros se habían extraviado.

"Afortunadamente pudo recuperarlos y los tiene en su poder.

"Me anuncia que no se atreve mandarlos, y que los guarda para
traerlos personalmente.

"El demandado acata en todas sus partes la orden de *manda-
mus* que está dispuesto a cumplir y ha cumplido exponiendo a dis-
posición de don Luis Fajardo, el señor Boscana y personas que lo
quieran acompañar los libros de la corporación que están en la ofi-
cina de ella y que tiene a su disposición y bajo su control.

"Esos libros son los de colonos, hipotecas, acciones, transferencias,
cañas, contratos, escrituras y papeles.

"En cuanto a los libros que don Mateo Fajardo tiene en New
York, no le es posible hasta no haberlos recibido ponerlos a disposi-
ción de los señores don Luis A. Fajardo, Boscana y demás personas
que los puedan acompañar.

"Fundado en estas razones, suplica a la honorable corte se sirva
denegar el auto de *mandamus* que se ha solicitado en este caso.

"Mayagüez, P. R., abril 22, 1920.—(Firmado:) Alfredo Arnaldo,
Abogado del demandado."

"Yo, Mateo Fajardo, Jr., mayor de edad, soltero, propietario

y vecino de esta ciudad de Mayagüez, después de prestar el debido juramento expongo y declaro:

"Que soy la misma persona que se designa como demandado en la moción que precede; que he leído esa moción; y que los hechos que en ella se alegan son ciertos y me constan de propio conocimiento.— (Firmado:) M. Fajardo, Jr."

"Suscrito y jurado ante mí por don Mateo Fajardo Jr., mayor de edad, soltero, propietario y vecino de esta ciudad a quien conozco personalmente, certificando que sus circunstancias personales son las expresadas, en Mayagüez, hoy día 22 de abril de 1920.— (Firmado:) Francisco Azúar, Secretario Corte Distrito,—Por Narciso Cuevas, Sub-secretario."

En la vista que tuvo lugar en la fecha últimamente citada el demandado también manifestó oralmente a la corte que Mateo Fajardo no había llegado ni llegaría en el vapor que se esperaba en esa fecha pero que el demandado creía que dicho Fajardo saldría en el próximo vapor y llegaría a la isla en la semana siguiente.

Después la corte libró un auto perentorio con costas al demandante y contra esta orden el demandado ha interpuesto recurso de apelación.

En mayo 1 el peticionario presentó una moción para que se desestimara la apelación por ser frívola y haber sido interpuesta únicamente con el objeto de demorar y entorpecer la administración de justicia.

Esa moción fué resuelta en una opinión emitida por el Juez Asociado Sr. del Toro en mayo 28, 1920, (pág. 523). Como en ella se dijo, el demandado alegaba en esa fecha que la apelación no era frívola, por lo menos en cuanto se trataba de la cuestión de costas y teniendo este tribunal alguna duda sobre este punto se negó a desestimar la apelación. El apelante insiste ahora en que la corte cometió error, primero en ordenar al demandado que permitiera el examen de los libros y documentos que no estaban en su posesión y, segundo, al condenar al demandado al pago de las costas.

La teoría sustentada en el primer señalamiento es que la corte no debió haber ordenado el cumplimiento de una cosa

que físicamente era imposible; y la del segundo señalamiento. es que un demandado que está conforme en cumplir en todo lo que sea posible con el auto de *mandamus* y que demuestra la razón por la cual no ha cumplido todo lo que fué ordenado, no debe ser condenado a pagar las costas.

La carta de marzo 29, *supra,* de ser cierta, demuestra claramente que cuando fué escrita podían examinarse los libros. Si la moción suscrita y jurada por el demandado en abril 6 es cierta, entonces cuando la carta de referencia fué escrita el demandado y ''todos los demás directores'' que entonces resolvieron acceder a la solicitud del peticionario ya habían consentido en que se sacaran y trasladaran de la isla dichos libros y sabían que éstos no podían ser examinados en la fecha en que resolvieron someterse al auto condicional.

El demandado no hizo esfuerzo alguno para explicar esta incompatibilidad y la corte inferior estaba en libertad para resolver si la verdad de la cosa estaba en la carta que fué escrita tres días después de notificado el auto condicional, o en la moción radicada más de diez días después de tal notificación. La moción de abril 6 expresa bajo juramento sin restricción o reserva que Mateo Fajardo saldría el día 17 y llegaría el día 21. La moción de abril 22 alude a una carta escrita por Mateo Fajardo en abril 9 que contiene la vaga manifestación relativa a la entrega de los libros a un amigo que había de salir con él pero que por cierta razón que no ha sido explicada lo dejó. La carta no se acompañaba a la moción ni fué presentada como prueba y el nombre del amigo que dejó de cumplir el encargo y que al parecer pudo haber comparecido y declarado ni siquiera se mencionó. Hubiera sido más adecuado al caso la declaración jurada de Mateo Fajardo y otra suscrita y jurada por el supuesto amigo explicando en sus detalles este curioso incidente. Consta que los libros extraviados habían aparecido y que éstos se encontraban todavía en poder de Mateo Fajardo. La única excusa presentada para no remitir los libros en cuestión por conducto de algún otro mensajero es la declaración de referencia en

cuanto a la súbita timidez de Mateo Fajardo en asumir este riesgo.

Desde luego que es posible que todas estas manifestaciones sean verdaderas y que se hicieron con perfecta buena fé, pero las circunstancias en que fueron hechas requerían alguna explicación en cuanto a la incompatibilidad a que nos hemos referido en primer término y algo mucho más definido en cuanto a los detalles, que las aparatosas manifestaciones generales que se emplean en el record. Ante la faz de la prueba la corte inferior tenía bastante motivo para creer, y aparentemente así lo creyó que el procedimiento adoptado fué dilatorio y frívolo y no demostrativo de que se hubiera hecho un verdadero esfuerzo para obedecer la orden de la corte.

En vista de las circunstancias no podemos decir que la corte inferior abusó de su discreción en cuanto a la imposición de costas.

Si hubiese alguna verdadera razón substancial por la cual el demandado no ha cumplido hasta ahora con el auto perentorio, amplia oportunidad puede tener para alegar todo lo que creyere conveniente en este sentido por virtud de una orden para mostrar causa por la cual no deba ser castigado por desacato.

La sentencia apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Sres. Presidente Hernández y Asociado Wolf no intervinieron en la vista de este caso.